# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KENNETH NANCE,

    Petitioner,  :  Case No. 3:05-cv-379

    -vs-  :  District Judge Walter Herbert Rice
        Chief Magistrate Judge Michael R. Merz

WANZA JACKSON, Warden,

    Respondent.  :

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for initial consideration under Rule 4 of the Rules Governing §2254 Cases. Petitioner filed his Petition for Writ of Habeas Corpus on November 14, 2005, and signed the Petition on November 2, 2005; the latter date counts as the date of filing under the prison mailbox rule. *Houston v. Lack,* 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).

Petitioner was convicted of aggravated murder in the Montgomery County Common Pleas Court and sentenced to twenty years to life imprisonment on April 26, 1999. He never attempted to appeal from that conviction until March 7, 2005, nearly six years later when he sought leave to file a delayed appeal. The Court of Appeals denied leave to file an appeal (Decision and Final Judgment Entry, Case No. 2095, March 29, 2005), and the Ohio Supreme Court denied leave to appeal further. *State v. Nance*, 106 Ohio St. 3d 1487 (2005).

Petitioner presents two grounds for relief:

-1-

> **Ground One:** Ineffective assistance of counsel.
>
> **Supporting facts:** Trial counsel was ineffective when he failed to secure defendant's appellate rights by not perfecting a timely appeal on defendant's behalf, thereby denying defendant equal protection of the law and due process.  Defendant's failure to perfect his direct appeal rested squarely on ineffective assistance of counsel which denied him equal protection of the law.
>
> **Ground Two:** The trial court failed to advise indigent defendant of his right to appellate counsel at state expense.
>
> **Supporting Facts:** The trial court did not advise defendant of his right to court appointed counsel to perfect a timely appeal on his behalf.  Further the trial court failed to give this advise [sic] in open court with the proceeding being recorded.  Also the trial court failed to secure a waiver of this right, all in violation of equal protection of the law and due process.

(Petition, Doc. No. 1 at 5.)

28 U.S.C. §2244 (d), as adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A district court may dismiss a habeas petition *sua sponte* on limitations ground when conducting an initial review under Rule 4 of the Rules Governing §2254 Cases. *Scott v. Collins*, 286 F. 3d 923 (6th Cir. 2002).

Mr. Nance's conviction became final on May 26, 1999, when his right to appeal from the conviction expired. His Petition was not filed in this Court until November 2, 2005, more than six years later. Therefore, his Petition is barred by the statute of limitations and should be dismissed with prejudice.

Even if the Petition were not barred by the statute of limitations, it would be without merit. The Second District Court of Appeals expressly found that the termination entry in the Common Pleas Court recites that the trial judge explained Petitioner's right to appeal and right to an attorney on appeal, and that he acknowledged he understood those rights. Furthermore, he signed an entry the day after sentencing acknowledging he had been advised of his rights to appeal and appellate counsel. This Court is bound by those findings of fact unless Petitioner can produce clear and convincing evidence that they are in error and no such evidence has been suggested.

The Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied any requested certificate of appealability

and leave to proceed on appeal *in forma pauperis*.

November 15, 2005.

                  s/ **Michael R. Merz**
                 Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

  Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Nance v. Jackson 01.wpd