IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KENNETH NANCE,

:

    Petitioner,                              Case No. 3:05-cv-379

:         District Judge Walter Herbert Rice
    -vs-                                Chief Magistrate Judge Michael R. Merz

WANZA JACKSON, Warden,

:

    Respondent.

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

This *pro se* habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 6) to the Magistrate Judge's Report and Recommendations (Doc. No. 3) recommending that the Petition be dismissed with prejudiced as barred by the statute of limitations. The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed.

Petitioner was convicted of aggravated murder in the Montgomery County Common Pleas Court and sentenced to twenty years to life imprisonment on April 26, 1999. He never attempted to appeal from that conviction until March 7, 2005, nearly six years later when he sought leave to file a delayed appeal. The Court of Appeals denied leave to file an appeal (Decision and Final Judgment Entry, Case No. 2095, March 29, 2005), and the Ohio Supreme Court denied leave to appeal further. *State v. Nance*, 106 Ohio St. 3d 1487 (2005).

Mr. Nance's conviction became final on May 26, 1999, when his right to appeal from the

conviction expired. His Petition was not filed in this Court until November 2, 2005, more than six years later. Therefore, the Magistrate Judge recommended Petition be dismissed as barred by the statute of limitations.  Alternatively, it was recommended that the Petition be denied on the merits because the Montgomery County Court of Appeals expressly found, in denying leave to file a delayed appeal, that the termination entry in the Common Pleas Court reflected that appellate rights had been explained to Petitioner, who acknowledged understanding them, and that Petitioner had himself signed an entry acknowledging he understood his appellate rights.

In his Objections, Petitioner admits his rights were explained but asserts that they were not explained "in a meaningful understandable way. . . ." and "the trial court should have done more to determine that petitioner actually understood what those rights were." (Doc. No. 6 at 2.) He further asserts that at the time he over fifty years old and a first offender who had never been exposed to the criminal justice system before.  He concludes by asserting his counsel was ineffective for not securing his rights to appeal.

While it is conceivable that the trial court could have done more to explain appellate rights, that court received no notice from Petitioner that any more explanation was necessary.  Petitioner apparently did not ask any questions which that court refused or failed to answer.

The doctrine of equitable tolling is available to excuse a failure to file within the statute of limitations. In determining whether equitable tolling is appropriate, courts in the Sixth Circuit follow the test set out in *Andrews v. Orr*, 851 F.2d 146 (6th Cir.1988), in which the court "specifically identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in

remaining ignorant of the legal requirement for filing his claim. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir.2000)." *Dunlap, v. United States*, 250 F. 3d 1001 (6th Cir. 2001).  "[I]gnorance of the law alone is not sufficient to warrant equitable tolling." *Allen v. Yukins,* 366 F. 3d 396 (6th Cir. 2004), *quoting Rose v. Dole*, 945 F. 2d 1331, 1335 (6th Cir. 1991).  Petitioner here cannot plausibly claim the benefit of equitable tolling because he waited almost six years to do anything about the fact that he had not had an appeal.  Even the Affidavit of inmate law clerk Vince Dye attached to the Objections shows Mr. Nance's first action was to talk with Dye in February, 2005, about an appeal.

Petitioner has not offered facts which would entitle him to equitable tolling or which would overcome the finding of the Ohio Court of Appeals that he was dilatory in attempting to take a delayed appeal.  Therefore it is again respectfully recommended that the Petition be dismissed with prejudice and Petitioner be denied the privilege of appealing *in forma pauperis* and any requested certificate of appealability.

January 24, 2006.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate

Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).